**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER F. SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-1296 CAS |
| | ) | |
| SUBURBAN JOURNALS OF | ) | |
| GREATER ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss, or in the alternative, motion to make more definite. The motion will be granted in part and denied in part.

**Standard**

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

**The Third Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981-1982 and for negligence. In his third amended complaint, plaintiff alleges that he attempted to purchase advertising space from defendants to promote his business. Plaintiff further alleges that defendants' employees refused to sell him the advertising space because he is African-American. Plaintiff claims that he has suffered from mental anguish as a result of the incident.

**Discussion**

1. Plaintiff's 42 U.S.C. § 1981 Claim

Title 42 U.S.C. § 1981 states in relevant part, "All persons within . . . shall have the same right in every State . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ." To state a claim under § 1981, plaintiff must plead that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988).

The Court finds that the third amended complaint states a prima facie case of discrimination under § 1981. Plaintiff has pled that he attempted to make a contract with defendant to buy advertising space and that defendant refused because of plaintiff's race. As a result, the Court will deny the motion to dismiss as it relates to plaintiff's § 1981 claim.

2. Plaintiff's 42 U.S.C. § 1982 Claim

Title 42 U.S.C. § 1982 states, "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

There are no allegations in the third amended complaint pertaining to real or personal property. As a result, the complaint fails to state a claim under § 1982, and the motion to dismiss will be granted as to this claim.

### 3. Plaintiff's State Law Claim for Negligence

To plead an action for negligence, a "plaintiff must allege that the defendant had a duty to protect the plaintiff from injury, that the defendant breached that duty, and that the defendant's breach was the proximate cause injury of the plaintiff's injury." Silva v. Construction and Abatement Services, Inc., 238 S.W.3d 679, 681 (Mo. App. 2007).

The third amended complaint does not contain the requisite allegations to state a cause of action for negligence under Missouri law. As a result, the Court will grant the motion to dismiss as to this claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss, or in the alternative, motion to make more definite is **GRANTED** in part and **DENIED** in part. The motion is **granted** as to plaintiff's claims arising under 42 U.S.C. § 1982 and state law. The motion is **denied** as to plaintiff's claim arising under 42 U.S.C. § 1981. [Doc. 24]

An Order of Partial Dismissal shall accompany this Memorandum and Order.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of January, 2009.