**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WALTER F. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      No. 4:08-CV-1296 CAS |
| | ) |
| SUBURBAN JOURNALS OF | ) |
| GREATER ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff has filed with this Court a document entitled "Plaintiff's Objections and Motion for Relief." The Court construes this document as a motion to reconsider the Court's May 19, 2009 Order, which granted in part, and denied in part plaintiff's motion to compel.

The Supreme Court has stated in regard to the reconsideration of orders that "as a rule, courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances . . . ." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)) (discussing law of the case doctrine). Reconsideration is appropriate to correct manifest errors of law or fact, or to present newly-discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985) (citation omitted). A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issues to the Court. See, e.g., Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) The Court finds that plaintiff's motion fails to meet this criteria, and he has presented no valid reason for the Court to reconsider its May 19, 2009 Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider the Court's May 19, 2009

Order is **DENIED.**  [Doc. 74]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of June, 2009.