UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>SUBURBAN JOURNALS OF GREATER )<br>ST. LOUIS, LLC, )<br>)<br>    Defendant. ) | Case No. 4:08CV01296 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis for the Taking of Depositions [doc. #90], Plaintiff's Motion to Compel and For Expenses [doc. #91], Plaintiff's Motion for The Court to Enforce its Order and for Expenses [doc. #92], Defendant's Motion for Protective Order [doc. #95] and Plaintiff's Motion for Leave to Amend Plaintiff's Complaint and to Join Indispensable Parties and to Add Counts [doc. #97]. A hearing was held on July 28, 2009, and the Court heard arguments from the Parties on these Motions.

## **I.    PLAINTIFF'S MOTION FOR DEPOSITIONS IN FORMA PAUPERIS [doc. #90]**

Walter F. Scott ("Plaintiff") asks the Court to grant Plaintiff the cost for taking the depositions of three of Suburban Journals of Greater St. Louis, LLC's ("Defendant") employees. Defendant does not object to this request, however, has notified the Court that one of the individuals Plaintiff seeks to depose, Jon H. Holt, is no longer an employee of Defendant. The Court grants Plaintiff leave to take the deposition of the other two individuals: Tom Hogan and Judy Buhrman. If Plaintiff determines that additional depositions are needed, he shall file a Motion with the Court.

## II. PLAINTIFF'S MOTION TO COMPEL AND FOR EXPENSES [doc. #91]

In this Motion, Plaintiff asks the Court to compel Defendant to respond to his Fourth and Fifth Supplemental Interrogatories. This case was previously assigned to Judge Shaw, who entered a Case Management Order permitting the Parties thirty-five interrogatories. After this action was transferred to this Court, the Parties submitted a Joint Proposed Scheduling Order. Their Proposal stated that they had agreed to a limit of twenty-five interrogatories. The Court then entered a Case Management Order setting a limit of twenty-five interrogatories. Plaintiff's Fourth Supplemental Interrogatories contain interrogatories numbered 25, 26, 27, and 28. Additionally, Plaintiff responds to the answers Defendant previously provided to interrogatories 5, 6 and 9 by asking additional questions.

Plaintiff's interrogatories in excess of twenty-five are not permitted, and Defendant is not compelled to answer the interrogatories numbered 26, 27 and 28. Interrogatory number 25 asks for the identity and training of the person to answering these Fourth Supplemental Interrogatories, and as a result, Defendant is not compelled to answer this interrogatory either.

Plaintiff's interrogatories 5, 6 and 9 are not "supplemental" in the sense that they do not ask Defendant to update his answers or supplement with newly discovered evidence. Instead, they seek different and new information from what was originally sought in interrogatories 5, 6 and 9. For example, Defendant answered "None" to Plaintiff's interrogatory number 5, which asked whether Plaintiff ever had an open credit account with the journal. Plaintiff's 'supplement' now asks;

> a. Has the Plaintiff ever had any type of unpaid advertisement(s) cost concerning or with the Journal, for advertisement, in the past five years? If the answer is yes, please fully identify the fully nature of the even and please attach a true copy(s) of the defendant's record file(s) concerning the Plaintiff? If the answer is no, please fully identify how Plaintiff's name could or would show and or come up on the Journal's

computer system(s), as a bad debt or an uncollected obligation, as stated in Plaintiff's Complaint?

b. Has the journal ever tried to collect any unpaid funds from the Plaintiff? If the answer is no, please fully identify why the journal never attempted to collect funds from the Plaintiff?

c. Has the Plaintiff ever had any type of unpaid advertisement(s) cost concerning or with any of the Journal's sister or affiliated companies, for advertisement, in the past five years? If the answer is yes, please fully identify the full nature of the event and please attach a true copy(s) of the Defendant's record file(s) concerning the Plaintiff? If the answer is no, please fully identify how Plaintiff's name could or would show and or come up on the Journal's computer system(s), as a bad debt or an uncollected obligation, as stated in Plaintiff's Complaint?

d. Has the journal or any of the Journal's sister or affiliated companies ever tried to collect any unpaid funds from the Plaintiff? If the answer is no, please fully identify why the journal never attempted to collect funds from the Plaintiff?

Just as Plaintiff is not permitted to serve interrogatories in excess of the twenty-five interrogatory limit set by the Court, Plaintiff cannot work around this requirement by serving additional interrogatories on Defendant that seek new information and ask new questions by calling them 'supplemental.' Defendant will not be compelled to answer any of the interrogatories contained in Plaintiff's Fourth Supplemental Interrogatories.

Plaintiff's Fifth Supplemental Interrogatories contain interrogatory number 30. Additionally, Plaintiff responds to the answers Defendant previously provided to interrogatories 3, 5 and 9 by asking additional questions. As the Court discussed above, the Case Management Order sets a limit of twenty-five interrogatories, and Defendant is not compelled to answer interrogatory number 30. Additionally, Plaintiff's purported additions to interrogatories 3, 5 and 9 are not permissible. Plaintiff's Motion to Compel and For Expenses will be denied.

## III. PLAINTIFF'S MOTION FOR THE COURT TO ENFORCE ITS ORDER AND FOR EXPENSES [doc. #92]

In this Motion, Plaintiff objects to the way in which Defendant responded to three of his interrogatories. The Court has reviewed the responses, and finds that Defendant is not required

to supplement or amend its answer to interrogatory 15. As was stated at the hearing, Defendant shall supplement its answer to interrogatory 15(c) to include the word 'yes' and will supplement its answer to interrogatory 16 to include office locations from August 1, 2005 to the present. The Court does not find that an award of expenses is appropriate in this instance.

### IV. DEFENDANT'S MOTION FOR PROTECTIVE ORDER [doc. #95]

In this Motion, Defendant asserts that Plaintiff's requests have become harassing and burdensome and asks that the Court enter a protective order striking Plaintiff's Fourth and Fifth Supplemental Interrogatories, and award reasonable attorney's fees. As the Court stated earlier, Defendant shall not be compelled to answer more than the twenty-five interrogatories. While the Court finds that the protective order Defendant seeks is appropriate, the Court declines to award attorney's fees due to Plaintiff's confusion over the number of interrogatories permitted in this action.

### V. PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [doc. #97]

On June 4, 2009, Plaintiff filed a Motion with the Court requesting leave to file his fifth amended complaint. A hearing was held on June 25, 2009, and the Court heard arguments from the Parties on Plaintiff's motion to amend. Plaintiff sought to amend his complaint to add a claim for tortious interference, to join St. Louis Post-Dispatch, LLC and Pulitzer, Inc. as defendants, and to join his corporation, Atrium Construction and Investments as a plaintiff. The Court issued a Memorandum and Order dated June 25, 2009, noting the changes Plaintiff sought to make. This Memorandum and Order goes on to state that, "the Court will allow Plaintiff leave to amend his complaint this final time. Plaintiff will not be permitted any subsequent amendments to add parties or claims to this lawsuit." When Plaintiff filed his motion to amend on June 4, 2009, he had already submitted his proposed fifth amended complaint to the Court as an attachment to a

Motion he filed on June 2, 2009. The Court granted Plaintiff's motion to amend, and gave him some additional time to properly submit his fifth amended complaint to the Court.

Instead of submitting the fifth amended complaint that had already been presented to the Court, and whose alterations had been approved by the Court, Plaintiff filed what he titles "Plaintiff's Fifth Amended Complaint." This proposed complaint goes much further than what Plaintiff had requested and what the Court ordered. In addition to the alterations the Court approved, Plaintiff is seeking to amend his complaint to add both the Ladue News, Inc. and Lee Enterprises, Inc. as Defendants and add a conspiracy claim. These alterations were expressly prohibited by the Court's Memorandum and Order, which clearly stated that "Plaintiff will not be permitted any subsequent amendments to add parties or claims to this lawsuit." The Court will not accept Plaintiff's newly submitted "Plaintiff's Fifth Amended Complaint" and will instead instruct the Clerk of Court to docket Plaintiff's previously submitted proposed fifth amended complaint.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis for the Taking of Depositions [doc. #90] is **GRANTED, in part,** and **DENIED, in part.** The Court grants Plaintiff leave to take the deposition of Tom Hogan and Judy Buhrman. If Plaintiff determines that additional depositions are needed, he shall file a Motion with the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel and For Expenses [doc. #91] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for The Court to Enforce its Order and for Expenses [doc. #92] is **GRANTED, in part,** and **DENIED, in part.** Defendant is not required to supplement or amend its answer to interrogatory 15. Defendant shall supplement its

answer to interrogatory 15(c) to include the word 'yes' and will supplement its answer to interrogatory 16 to include office locations from August 1, 2005 to the present.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order [doc. #95] is **GRANTED, in part,** and **DENIED, in part.** Defendant shall not answer Plaintiff's Fourth and Fifth Supplemental Interrogatories, however, the Court declines to award attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Plaintiff's Complaint and to Join Indispensable Parties and to Add Counts [doc. #97] is **DENIED.** The Clerk of Court shall docket "Plaintiff's Amended Fifth Amended Complaint" [doc. #75-2], filed on June 2, 2009, as the operative complaint in this action.

Dated this 29th Day of July, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE