UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALTER F. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV01296 ERW |
| | ) |
| SUBURBAN JOURNALS OF | ) |
| GREATER ST. LOUIS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration [doc. #147].

Plaintiff Walter F. Scott ("Plaintiff") seeks reconsideration under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6) of the Court's Memorandum and Order dated October 19, 2009 granting summary judgment in favor of Defendants [doc. #145]. The two referenced Rules contemplate relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief," respectively. Specifically, Plaintiff claims the Court erred in concluding that Defendant Suburban Journals of Greater St. Louis, LLC ("Suburban Journals") is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") and in finding that Plaintiff failed to establish discriminatory intent.

With respect to Plaintiff's first argument, as the Court noted in its Memorandum and Order, a violation of the FDCPA is not actionable under 42 U.S.C. § 1981, and therefore the Court's conclusion as to whether Suburban Journals is a "debt collector" was irrelevant to its decision. Furthermore, Suburban Journals, in stating that it has a company policy of determining whether prospective customers have past due accounts with its affiliates, did not admit to being a "creditor who, in the process of collecting his own debts, uses any name other than his own which

would indicate that a third person is collecting or attempting to collect such debts," as set forth in the definition of "debt collector" in 15 U.S.C. § 1692a(6).

Plaintiff is also not entitled to relief under Rule 60 on the issue of discriminatory intent. The Court concluded in its Memorandum and Order granting summary judgment that Plaintiff's allegation that a Defendant employee stated "you people have to pay your bills" and displayed a "nasty attitude" was insufficient, standing alone, to establish discriminatory intent – especially given that Plaintiff did not refute Defendants' non-discriminatory rationale for refusing to run his advertisements. Plaintiff has not demonstrated that this conclusion was in error, and therefore relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [doc. #147] is **DENIED**.

Dated this 29th Day of October, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE